**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3193
_____

FRANCISCO JAVIER ARRIZA-ESCOBAR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-677-083)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2010

Before: SLOVITER, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: June 1, 2010 )
_____

OPINION
_____

PER CURIAM

　　Francisco Javier Arriza-Escobar petitions for review of the Board of Immigration

Appeals' ("BIA") final order of removal.  We will grant the petition.

I.

Arriza-Escobar is a citizen of El Salvador who concedes that he is present in the United States without admission or parole and is removable on that basis. See 8 U.S.C. § 1182(a)(6)(A)(i). He seeks asylum, statutory withholding of removal, and relief under the Convention Against Torture ("CAT") on the grounds that members of a criminal organization called Mara Salvatrucha, or MS-13, threatened to kill him and his brother because their father is a police sergeant who investigates gang violence.

Arriza-Escobar testified before the Immigration Judge ("IJ") and offered background evidence regarding MS-13. The IJ assumed that his testimony was credible, but denied relief and ordered his removal to El Salvador. Arriza-Escobar appealed to the BIA. He also filed a motion to remand on the grounds that his father was convicted of the homicide of gang members, a conviction he attributes to a "corrupt" judiciary he believes will also target him. By order issued June 30, 2009, the BIA denied Arriza-Escobar's motion to remand and dismissed his appeal. Arriza-Escobar petitions for review.[1]

---

[1] Arriza-Escobar raises no issue regarding the BIA's denial of his motion to remand, and instead challenges only its dismissal of his appeal. We have jurisdiction to review that ruling pursuant to 8 U.S.C. § 1252(a)(1). "Because the BIA issued its own decision, we review that decision, and not that of the IJ." Sheriff v. Att'y Gen., 587 F.3d 584, 588 (3d Cir. 2009). We review the factual findings deferentially for substantial evidence, and may reverse only if "'a reasonable adjudicator would be compelled to conclude to the contrary,'" but "'that deference is expressly conditioned on support in the record[.]'" Toure v. Att'y Gen., 443 F.3d 310, 316 (3d Cir. 2006) (citations omitted).

Arriza-Escobar's principal challenge is to the BIA's denial of his claims for asylum and withholding of removal. Those claims required him to show (1) a well-founded fear of persecution (for asylum) or a likelihood of persecution (for withholding) (2) on account of a statutorily protected ground[2] (3) by the government or forces that it is unable or unwilling to control. See Toure, 443 F.3d at 316-17 (citation omitted). A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. See id. at 317.

Arriza-Escobar challenges the denial of these claims on two grounds. First, he argues that the BIA erred in concluding that he has not suffered past persecution. We disagree. Arriza-Escobar testified that two men who identified themselves as MS-13 members approached him and his brother, told them they knew who their father was, pushed them against a wall, pointed a gun at them and told them they were going to kill them. (A.R. 162-63.) Because there were people around, however, the MS-13 members told them to leave and threatened to kill them if they saw them again. (A.R. 164.) The BIA concluded that this incident did not rise to the level of persecution because it was a "one-time occurrence" and Arriza-Escobar was not harmed. (BIA Dec. at 1-2; A.R. 2-3.) While this incident no doubt was traumatic, we agree that it was not so extreme as to rise

---

[2]Escobar claims to belong to a "particular social group" comprising family members of police officers combating gang violence in El Salvador, but the BIA did not decide that issue.

to the level of persecution. See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 341 (3d Cir. 2008) ("'[W]e have limited the types of threats constituting persecution to only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.'") (citation omitted).

Second, Arriza-Escobar challenges the BIA's ruling that he did not establish a well-founded fear of future persecution. We find this challenge persuasive. The BIA's entire analysis of this claim reads: "Even if [Arriza-Escobar's] family constitutes a particular social group, there is no evidence that other family members are being threatened or harmed. Indeed, [his] brother has been able to remain in El Salvador without further incident." (BIA Dec. at 3; A.R. 3.) As Arriza-Escobar argues, the BIA's reasons for denying this claim are not properly grounded in the record.

It is not true that there is "no evidence" that other family members are being threatened or harmed. Arriza-Escobar, whom the IJ assumed to be credible, testified that his uncle was threatened with harm. While Arriza-Escobar's testimony is not entirely clear, he appears to have testified that assailants targeted his uncle by shooting at his house but wounded a worker instead because his uncle was not home. (A.R. 173.) The BIA did not acknowledge this evidence, and we may not evaluate it in the first instance. See INS v. Ventura, 537 U.S. 12, 16, (2002).

In addition, the BIA erred in mechanically relying on the apparent lack of harm to Arriza-Escobar's brother. We have recognized that an alien's claim can be undercut if

4

family members remain without harm, but "we do not agree that this principle has any application where, as here, a petitioner testifies that the similarly-situated family members are in hiding." Toure, 443 F.3d at 319. Arriza-Escobar testified that his brother is "in hiding for the same fear" in El Salvador. (A.R. 180.) He also testified that "he fear they can kill him but he's in different places. In San Miguel and other places where, he moves around where there are no gang roots." (A.R. 181.) Thus, the BIA should have addressed Arriza-Escobar's explanation for the apparent lack of harm to his brother instead of mechanically relying on it.[3]

Accordingly, we will grant the petition for review and remand for further consideration of Arriza-Escobar's asylum claim. Because the BIA rested its denial of his withholding claim solely on its denial of his asylum claim, we will remand for further consideration of that claim as well. We express no opinion on whether Arriza-Escobar in fact showed a well-founded fear or likelihood of persecution, or on any of the issues that the BIA did not reach.[4]

---

[3]"Of course, if hiding means relocation to another part of the country, this may be relevant to showing that petitioner could reasonably avoid persecution by relocating within the country. . . . The [BIA], however, never made any finding on this issue." Toure, 443 F.3d at 319 n.3 (citation omitted).

[4]We reject Arriza-Escobar's challenge to the denial of his CAT claim. The BIA concluded that Arriza-Escobar presented no evidence that the El Salvadoran government would torture him or consent or acquiesce to his torture on return. Arriza-Escobar argues that he presented sufficient evidence to show that the El Salvadoran government would be "willfully blind" to torture by MS-13. See Gomez-Zuluaga, 527 F.3d at 350. Arriza-Escobar, however, has cited no evidence of record that MS-13 will torture him and no evidence compelling the conclusion that the government would be willfully blind to any such torture.